IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHLEEN S. BANKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00239-BP |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Uncontested Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") filed March 11, 2019. (ECF No. 22).

Plaintiff successfully appealed the final decision of the Social Security Commissioner that denied her application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act. (ECF Nos. 20, 21). The Court reversed the Commissioner's decision and remanded the case for further proceedings. (*Id.*).

Under the EAJA, the Court must award attorneys' fees and expenses if: (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)). A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Any attorneys' fees awarded under the EAJA must be reasonable. *See* 28

U.S.C. § 2412(b). Here, Plaintiff is the prevailing party under the EAJA, the Commissioner has not proved substantial justification, and no special circumstances make an award unjust.

As the prevailing party, Plaintiff seeks an award of $4,543.39 in attorneys' fees for 23.9 hours expended by Plaintiff's counsel at an hourly rate of $190.10 and $740.00 in paralegal fees for 7.4 hours expended at an hourly rate of $100.00, for an attorney fee award of $5,283.39. (ECF No. 23). Plaintiff also seeks reimbursement of $16.26 in costs for a total award of $5,299.65. (*Id.*). Plaintiff's counsel supported the motion with a declaration, an itemized statement detailing the hours expended in the case, EAJA calculation tables, and cost information. (*See generally*, ECF No. 23).

The Court finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $190.10 per hour. The Court further finds after a review of the record that Plaintiff is entitled to attorney's fees for 23.9 hours of service for an amount of $4,543.39.

Plaintiff's counsel also claims fees for work paralegals performed in 2018, requesting an award of $740.00 for 7.4 hours expended at a rate of $100 per hour. The EAJA allows fees for paralegal services at prevailing market rates. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581 (2007). Plaintiff has not supported his fee application with any market rate information to support that a $100.00 hourly rate for paralegal services is reasonable. Courts in this district have previously applied an hourly rate of $95.00 for paralegal services in social security cases. *Ronda C. v. Berryhill*, No. 3:17-CV-2114-G-BH, 2019 WL 1793040, at *4 (N.D. Tex.), *adopted by*, No. 3:17-CV-2114-G (BH), 2019 WL 1790053 (N.D. Tex. Apr. 24, 2019); *Suarez v. Colvin*, No. 3:13-CV-1459-P, 2015 WL 328248, at *1 (N.D. Tex. Jan. 26, 2015); *Harris v. Colvin*, No. 3:11-CV-1089-M-BH, 2013 WL 2896880, at *5 (N.D. Tex. June 13, 2013). Thus, the Court finds a $95.00

hourly rate for paralegal services is reasonable. The Court finds further after a review of the record that Plaintiff is entitled to fees for paralegal services in the amount of $703.00 for 7.5 hour expended in this case.

Plaintiff also seeks reimbursement for postage in effecting service of process by certified mail in the amount of $16.26. The EAJA authorizes reimbursement for costs and reasonable expenses. 28 U.S.C. §§ 2412(a) & 2412(d)(1)(A). Costs are those specifically enumerated in 28 U.S.C. § 1920, which include the "[f]ees of the clerk and marshal." Pursuant to Federal Rule of Civil Procedure 4(i), the Attorney General of the United States of America, the Social Security Administration, and the United States Attorney for the Northern District of Texas are to be served with process by certified mail. Fed. R. Civ. P. 4(i). Plaintiff served Defendant by certified mail as required by Rule 4(i) and did not use a private process server. (ECF No. 10). Thus, the postage here is a fee of the marshal and is properly reimbursable under section 1920.

Plaintiff requests that payment be directed to Plaintiff's counsel but made payable to Plaintiff. In *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010), the Supreme Court held that a fee award under EAJA must be paid directly to the claimant who is the prevailing party in the case. Accordingly, payment of EAJA fees and costs shall be made payable to Plaintiff and mailed "in care of" Plaintiff's attorney to the attorney's office.

**CONCLUSION**

For the foregoing reasons and noting that the Motion is uncontested, the Motion (ECF No. 22) is hereby **GRANTED** to the extent provided above. It is therefore **ORDERED** that Plaintiff be awarded attorneys' fees in the amount of $4,543.39, paralegal fees in the amount of $703.00, and costs of $16.26, for a total fee award of $5,262.65. Payment of EAJA fees and costs should be made payable to Plaintiff and mailed "in care of" Plaintiff's attorney to the attorney's office.

**SIGNED** May 13, 2019.

_/s/ Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE